IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KEVIN S.,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2] <br><br> Defendant. | Case No. 3:20-cv-01226-SB <br><br> **OPINION AND ORDER** |

**BECKERMAN, U.S. Magistrate Judge.**

Kevin S. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. §

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

[2] Kilolo Kijakazi became the acting Commissioner of the Social Security Administration on or about July 9, 2021 and is substituted for Andrew Saul as the defendant. *See* FED. R. CIV. P. 25(d)(1).

PAGE 1 – OPINION AND ORDER

405(g), and all parties have consented to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons explained below, the Court reverses the Commissioner's decision.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I.   PLAINTIFF'S APPLICATIONS

Born in 1959, Plaintiff was fifty-eight years old on his amended alleged onset date of January 17, 2018. (Tr. 196.) Plaintiff applied for SSI and DIB benefits on February 16, 2018, alleging disability due to degenerative disc disease of the lower spine, history of right knee

PAGE 2 – OPINION AND ORDER

arthroscopy, and hernia status post 2018 repair. (Tr. 17.) Plaintiff has a high school education and past work experience as a materials handler, tub sizer and cutter operator, commercial cleaner, machine operator II, and concrete laborer. (Tr. 23, 48-49, 278.)

The Commissioner denied Plaintiff's applications initially and upon reconsideration. (Tr. 123, 134.) Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 141-42.) After an administrative hearing, the ALJ issued a written decision dated July 1, 2019, denying Plaintiff's applications. (Tr. 193-95.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff now seeks judicial review of that decision.

## II.  THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* at 724-25. The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.*; *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987).

PAGE 3 – OPINION AND ORDER

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante*, 262 F.3d at 954 (citations omitted).

### III.   THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 17-25.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date of January 17, 2018. (Tr. 17.) At step two, the ALJ determined that Plaintiff suffered from the severe impairments of degenerative disc disease of the lower spine, history of right knee arthroscopy, and hernia status post 2018 repair. (*Id.*) At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a Listing. (Tr. 19.)

The ALJ then determined Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff retained the ability to perform medium work with the following limitations: he can frequently climb ladders, ropes, or scaffolds; he can frequently stoop, kneel, couch, and crawl; and he must avoid concentrated exposure to workplace hazards such as unprotected heights and operational control of moving machinery. (Tr. 20.) At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work. (Tr. 23.)

At step five, the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy, including kitchen helper, laundry worker, and bagger. (Tr. 24.) The ALJ therefore concluded that Plaintiff was not disabled from the amended alleged onset date through the date of the decision. (Tr. 25.)

## DISCUSSION

Plaintiff argues, among other things, that the ALJ erred at step five of the sequential evaluation process because she failed to incorporate into the VE hypothetical the opinions of the state agency consulting physicians that Plaintiff could only stand and/or walk for six hours in an eight-hour workday. (Tr. 49-50, 52.) In light of the VE's testimony that a person limited to six hours of standing and walking could not perform medium level work (Tr. 52), Plaintiff argues that the ALJ erred by concluding that Plaintiff could perform medium level work and is not disabled. (Tr. 24-25.)

The Commissioner acknowledges on appeal that the ALJ's failure to resolve this apparent conflict in the record was error, and moves the Court to remand this case for further proceedings. Plaintiff argues that the Court should remand for benefits based on the VE's testimony that the standing/walking limitation would preclude medium level work, and because the ALJ also erred by improperly rejecting Plaintiff's subjective symptom testimony and failing to develop the record. Thus, the parties agree that the Court must remand this case, and the only question for the Court is whether to remand for further administrative proceedings or for an immediate award of benefits.

### I.   APPLICABLE LAW

"Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citation omitted). In a number of cases, however, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when [the three-part credit-as-true standard is] met." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted).

The credit-as-true standard is met if three conditions are satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* (citations omitted). Even when the credit-as-true standard is satisfied, however, the district court retains the "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

## II.    ANALYSIS

In light of the nature of the ambiguities in the record regarding Plaintiff's standing/walking limitation, the Court agrees with the Commissioner that remand for further proceedings is necessary here.

The ALJ credited the opinions of the state agency consultants that Plaintiff is limited to six hours of standing and walking in an eight-hour workday, but did not include this specific limitation in the hypothetical presented to the VE at the hearing. (Tr. 24-25.) Instead, the ALJ's hypothetical limited Plaintiff to medium exertional work. (Tr. 49.) As both parties acknowledge, Social Security Ruling ("SSR") 83-10 provides that the "full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday[.]" (Def.'s Br. at 6; Pl.'s Reply at 4) (citing SSR 83-10, available at 1983 WL 31251 (Jan. 1, 1983)). Thus, the ALJ may have intended to imply a six-hour standing/walking limitation by limiting Plaintiff to medium level work. *Cf. Terry v. Saul*, 998 F.3d 1010, 1014 (9th Cir. 2021) ("[T]he question is whether the ALJ and the expert would have shared an understanding that the term 'medium work' implies a six-hour standing and walking limitation. Because we hold that the

PAGE 6 – OPINION AND ORDER

expert here would have understood the ALJ's question to imply such a limitation, the ALJ's inquiry concerning a hypothetical individual was not incomplete.").

However, it appears that the VE did not understand the ALJ's hypothetical to imply a six-hour standing/walking limitation, because the VE testified that a person limited to six hours of standing and walking in an eight-hour workday could *not* perform medium level work. (Tr. 52.) Thus, the record is ambiguous with respect to whether the VE understood the ALJ's hypothetical and, in any event, the VE's testimony is inconsistent with the guidance in SSR 83-10 that medium level work requires standing or walking for approximately six hours in an eight-hour workday. See *Terry*, 998 F.3d at 1013 ("'Medium work' is a term of art in disability law with a well-established meaning. While the regulation defining 'medium work' does not include any express standing and walking limitation, the Social Security Administration has long interpreted this language to include such a restriction. In a 1983 published Social Security Ruling, the Commissioner interpreted 'medium work' to 'require[ ] standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday.'" (citing 20 C.F.R. § 404.1567(c) and quoting SSR 83-10, 1983 WL 31251, at *6)).

In light of the ambiguities in the record regarding the impact of a six-hour standing/walking limitation on the disability determination, it is unclear if Plaintiff could perform the medium level jobs identified by the VE and relied upon by the ALJ at step five. Accordingly, further administrative proceedings are necessary to resolve these outstanding issues.[3] See *Joshua K.*, 2018 WL 6618375, at *5 ("The record does not clearly require a finding

---

[3] The Court understands that the Commissioner will consolidate this case with Plaintiff's subsequent application containing an updated medical record and symptom testimony (Def.'s Br. at 13), and therefore the Court does not reach Plaintiff's other assignments of error at this time. See *Joshua K. v. Berryhill*, No. 3:17-cv-01729-SI, 2018 WL 6618375, at *5 (D. Or. Dec. 18, 2018) ("[T]he Court need not reach this claim of error. Based on the ALJ's errors in considering

PAGE 7 – OPINION AND ORDER

of disability and leaves factual questions regarding key issues in the record unresolved. Although Plaintiff urges the Court to apply the credit-as-true rule and remand for an award of benefits, this Court believes that further proceedings are necessary in this case. On remand, the ALJ should hold a de novo hearing and further consider the medical opinion . . . , reformulate Plaintiff's residual functional capacity, and obtain new vocational expert testimony.").

On remand, the ALJ shall offer Plaintiff the opportunity for a de novo hearing, take any further action needed to complete the administrative record, and issue a new decision. The ALJ will reevaluate the medical opinions and prior administrative medical findings, reevaluate Plaintiff's alleged symptoms, and reevaluate the evidence from nonmedical sources. As warranted, the ALJ will reevaluate Plaintiff's RFC and obtain supplemental VE evidence to clarify the effect of the assessed limitations on Plaintiff's ability to perform other work that exists in significant numbers in the national economy.

## CONCLUSION

For the reasons stated, the Court REVERSES the Commissioner's decision and REMANDS this case for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

DATED this 12th day of October, 2021.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[the] medical opinion evidence and in formulating the residual functional capacity, this case must be remanded so that the ALJ may determine a new residual functional capacity and pose a new hypothetical to a vocational expert.").